■  KINGSLEY SPORTSWEAR, INC., Appellant, v STANDARD HAULING CO., INC., et al., Respondents.—Order, Supreme Court, New York County, entered on July 20, 1973, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, the motion granted on the issue of liability and matter remanded for assessment of damages. Appellant shall recover of respondents $60 costs and disbursements of this appeal. It is not disputed on this record that the two containers containing plaintiff's merchandise were picked up by the defendant trucker Standard Hauling Co., Inc., and were lost or stolen while in the care and custody of said common carrier. "At common law, a common carrier is an insurer against the loss of, or damage to, property received by it for transportation, except for loss or damage arising from an act of God, a public enemy, the inherent nature of the goods shipped, the conduct of the shipper, or the act or mandate of public authority. This liability of a common carrier does not rest on its contract, but is imposed by law, having its foundation in the policy of the law. Thus, under the common law, a common carrier of goods is liable for their loss even though such loss results from theft by a third person" (7 NY Jur, Carriers, § 178). The complete disappearance of these goods while in the trucker's care and control cannot be equated with an "inevitable accident", a term equivalent to an "act of God", and embodying the concept of that which no foresight or precaution of the carrier could prevent (see 7 NY Jur, Carriers, § 188). The sole defenses of Standard Hauling Co., Inc., are that it exercised due care and that the plaintiff has to prove the condition of the goods prior to the loss. In view of the aforesaid, the defense of due care is not an adequate one. The condition of the goods in this context is germane

only to the issue of damages. Concur—Stevens, P. J., Murphy, Lupiano, Lane and Nunez, JJ.

